[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO BIFURCATE
The defendants have moved to bifurcate this trial into three phases: a coverage or liability phase, a costs or damages phase, and a final phase addressing certain remaining legal issues. This trial, of course, has already been bifurcated in that it addresses the environmental coverage by only two of more than a dozen defendant insurance companies of costs incurred by the plaintiff at only one of twenty-three sites nationwide. Further, the plaintiff agrees that questions of law or some mixed questions of law and fact concerning allocation and contribution, attorneys' fees, and exhaustion of underlying policy limits should be decided by the court after a jury trial on liability and damages. For the reasons stated, however, the court declines to bifurcate this case any further.
In ruling on a motion to bifurcate a large trial such as the present one, there are many uncertainties. Each side claims that its approach promotes judicial economy, but each view depends on predictions, rather than guarantees, about what may happen. Bifurcating the trial would eliminate the need for a second phase only if the jury finds for the defendants in the first phase, a result that is purely speculative at this point. Consolidating all issues in a unified trial may avoid some duplication, but it might also prolong what promises to be a very long trial, depending on the uncertain possibility that the jury might find no liability or coverage.
The court thus cannot decide this issue based on a determination that one approach is clearly more efficient than the other. The remaining factors, however, weigh in favor of denying the motion for bifurcation. One concern cited by the defendants is that the jury will be confused by the number of complex issues and the amount of evidence it must comprehend at one time. Unquestionably, this case will challenge the jurors' patience and comprehension. But the parties have chosen the jurors very carefully, with liberal granting of challenges for cause based on hardships and a large number of peremptories.[1] The court will allow the jurors to take notes during the trial. The jury interrogatories and verdict forms already proposed by the parties indicate that the jurors will have road maps to guide their deliberations. The remaining difficulties can simply become factors that counsel should consider in presenting their case. CT Page 2092
Each side claims that its opponent's proposal will prejudice its case. The plaintiff fears that bifurcation would require duplication of evidence, recalling of witnesses, and artificial separation of related issues. The plaintiff cites several specific examples, such as the proposed division between whether the plaintiff provided late notice to the defendants, which the defendants propose to try in the first phase of the trial, and whether the defendants were prejudiced by any late notice, which the defendants would reserve for the second phase. The defendants do not respond specifically to these examples in their reply memorandum. The court agrees with the plaintiff that these issues will prove difficult to separate.
The defendants claim harm in the prospect of having to prove prejudice from late notice in a unified trial because the prejudice may not become apparent until the trial of the coverage issues has concluded. This argument is not persuasive. The plaintiff's case will take several weeks at least. The defendants will then have a number of issues to defend. This time period will give the defendants a fair opportunity to prepare their case on prejudice from late notice. Further, it makes sense to have the same jury that heard the defense on the coverage issues hear during the same proceeding how the defendants may have been prejudiced in making this defense by the plaintiff's allegedly late notice. The alternative proposed by the defendants of trying the coverage issues in Phase I and the question of prejudice in defending these coverage issues in Phase II invites duplication and promotes inefficiency.[2]
While there are no certainties, the court believes that, on balance, the plaintiff is more likely to be prejudiced by bifurcation than are the defendants from consolidation. This case is not like some of the usual candidates for bifurcation in which the defendant's liability case might be prejudiced in a consolidated trial by evidence that the plaintiff (or his decedent) suffered serious physical injury or death. Here there is apparently no evidence as likely to arouse jury sympathy or emotions. Consolidation will also assist the court by minimizing evidentiary battles that otherwise would arise in deciding whether evidence is admissible in a particular phase of a bifurcated trial.[3] Finally, consolidation will hopefully insure that the jury the parties have labored to pick in January and February, 2001 will once and for all decide all necessary issues in this 1988 case. Accordingly, except for questions of law or some mixed questions of law and fact concerning allocation and contribution, attorneys' fees, exhaustion of underlying policy limits, or any similar matters, the motion for bifurcation is denied. CT Page 2093
It is so ordered.
Carl J. Schuman Judge, Superior Court